DE REES *v.* COSTAGUTA ET AL., INDIVIDUALLY AND AS CO–PARTNERS COMPOSING THE CO–PARTNERSHIP OF DAVID COSTAGUTA AND COMPANY, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 341. Submitted October 11, 1920.—Decided December 6, 1920.

A jurisdictional appeal, directly to this court from the District Court under § 238 of the Judicial Code, will not lie where the question of jurisdiction presented and decided involved only principles common to courts in general and not the jurisdiction of the District Court as a federal court. P. 173.

Whether the allegations of a bill are adequate to justify the relief sought, is not a question of jurisdiction. *Id.*

Where the jurisdiction of the District Court is invoked against non-resident defendants under Jud. Code, § 57, to enforce a lien on property within the district claimed to result from a contract between them and the plaintiff, a decision quashing service by publication, followed by a judgment dismissing the bill, upon the ground that

the contract alleged creates no lien upon or right *in rem* in such property, does not involve the jurisdiction of the court as a federal court. *Id. Chase* v. *Wetzlar*, 225 U. S. 79, distinguished.

Questions arising under the Constitution are not presented in this case. P. 174.

Appeal dismissed.

THE case is stated in the opinion.

*Mr. Marion Erwin* and *Mr. Frederick M. Czaki* for appellant:

The District Court had general jurisdiction of the parties.

All the requisite elements existed to give the court jurisdiction of the subject-matter under § 57, Jud. Code. *Goodman* v. *Niblack*, 102 U. S. 556; *Louisville & Nashville R. R. Co.* v. *Western Union Telegraph Co.*, 234 U. S. 369; *Chesley* v. *Morton*, 9 App. Div. 461. Distinguishing: *York County Savings Bank* v. *Abbot*, 139 Fed. Rep. 988; *Jones* v. *Gould*, 149 Fed. Rep. 153; *Wabash R. R. Co.* v. *West Side Belt R. R. Co.*, 235 Fed. Rep. 645.

The constitutional principle invoked against the exercise by the court of the power to dismiss the bill, in part on *ex parte* affidavits in opposition to the jurisdictional averments of the bill, in the manner and form in which it was done, raised and raises a constitutional question not merely incidentally collateral to the general jurisdiction of the court derived from the Constitution, but which goes to the power of the court to deprive the plaintiff without due process of law of his right of property in the suit, by a procedure which deprived him of such right. The constitutional question goes to the marrow of the jurisdictional question, and we think that the court has plenary jurisdiction over the whole case under § 238, Jud. Code. We know of no decision of this court which covers this matter, unless it be by inference, *Filhiol* v. *Torney*, 194 U. S. 356.

A constitutional question may become "involved" or "drawn in question" by the decision or action of the court as well as by the acts of the parties (*Chappell* v. *United States,* 160 U. S. 499, 507, 509), and if it exists it is immaterial whether there is or not a certificate as to the jurisdiction, so far as investing this court with plenary power to review the entire case. The constitutional question being paramount, the limitation on review is not operative, certainly not where the one involves the other. The limitation is operative only where there is a jurisdictional question and questions other than constitutional ones involved.

Section 37 of the Code gave the court no power under the circumstances to dismiss for want of jurisdiction without any plea to the jurisdiction on which evidence might be taken and witnesses examined pro and con. *Hartog* v. *Memory,* 116 U. S. 588; *Turpin* v. *Lemon,* 187 U. S. 51, 58; *Hurtado* v. *California,* 110 U. S. 516, 539. And here the court in fact reached its conclusion, not on the face of the bill merely, but in part through facts set up in the opposing *ex parte* affidavits as interpretative of the contract. But in the manner in which it proceeded it deprived plaintiff of due process of law and his constitutional right to invoke the jurisdiction of the court for protection of his property right, and thus it was without jurisdiction to dismiss the bill upon the *ex parte* evidence it so received and considered.

*Mr. Walter H. Merritt* for appellees. *Mr. A. Delafield Smith* was also on the brief.

They cited, on the jurisdictional question: *Fore River Shipbuilding Co.* v. *Hagg,* 219 U. S. 175, 177; *Swift & Co.* v. *Hoover,* 242 U. S. 107; *Empire State-Idaho Mining Co.* v. *Hanley,* 205 U. S. 225, 232; *Louisville Trust Co.* v. *Knott,* 191 U. S. 225; *Bache* v. *Hunt,* 193 U. S. 523; *Blythe* v. *Hinckley,* 173 U. S. 501; *Illinois Central R. R. Co.* v.

*Adams,* 180 U. S. 28, 35; *Scully* v. *Bird,* 209 U. S. 481; *Smith* v. *McKay,* 161 U. S. 355; *Louisville & Nashville R. R. Co.* v. *Western Union Telegraph Co.,* 234 U. S. 369, 372; *Public Service Co.* v. *Corboy,* 250 U. S. 153, 162; *Darnell* v. *Illinois Central R. R. Co.,* 225 U. S. 243; *Chase* v. *Wetzlar,* 225 U. S. 79; *Gage* v. *Riverside Trust Co.,* 156 Fed. Rep. 1002; *Jones* v. *Gould,* 149 Fed. Rep. 153.

MR. JUSTICE DAY delivered the opinion of the court.

The appellant, plaintiff below, a resident and citizen of the State of New Jersey, filed a bill of complaint against David Costaguta, Marcos A. Algiers, Alejandro Sassoeli, Eugenio Ottolenghi, individually, and as co-partners composing the firm of David Costaguta & Company, asserting that they, and each of them, were aliens, and residents of the Republic of Argentine, South America. The bill joined as defendants Renado Taffell, a British subject, resident of New York and the Southern District thereof, and the American-European Trading Corporation, organized under the laws of New York.

The bill sets forth at length a contract whereby it is alleged that a co-partnership was formed between the plaintiff and David Costaguta & Company for the buying and selling of hosiery. The bill alleges that to carry the contract into effect a place of business was established in New York City; that disagreements arose between the parties; that plaintiff elected to terminate the contract and demanded a liquidation of the merchandise and an accounting; that the firm of David Costaguta & Company caused the American-European Corporation to be organized under the laws of New York and that said firm caused certain assets of the co-partnership to be transferred to the corporation in fraud of the plaintiff, and which assets, it was alleged, were within the territorial jurisdiction of

the Southern District of New York. Plaintiff prayed a dissolution of the alleged co-partnership; the liquidation of the property thereof; that the non-resident defendants account for their acts and transactions, and that it be established what sum, if any, remained due to the plaintiff; that the plaintiff be decreed to have a lien upon all of the property of the defendants and on the property and assets of the American-European Trading Corporation; that a receiver *pendente lite* be named. An order was prayed for the delivery of the property to the receiver, and an injunction to restrain its transfer or disposition. A temporary restraining order was asked, pending the hearing and the return of the rule *nisi*, prohibiting in any manner or form interference with the property, or removing the same from the jurisdiction of the court. An order was issued requiring the defendants to show cause why such receiver *pendente lite* should not be appointed, and the defendants required to transfer the property to such receiver, and enjoining them from otherwise transferring the same. The subpœna and order for the rule were served on the resident defendants American-European Trading Corporation and Taffell. Plaintiff then procured an order for service upon the non-resident defendants by publication under § 57 of the Judicial Code. The non-resident defendants filed a special appearance for the purpose of asking the court to quash and set aside the order for service by publication, and for an order requiring the plaintiff to show cause why an order should not be made vacating and setting aside the service by publication, and also to vacate, quash and set aside certain alleged service on an agent of the firm in the Southern District of New York. A motion was also made by the American-European Trading Corporation and Taffell, by special appearance, for the purpose of opposing the jurisdiction. The District Court denied the plaintiff's motion for an injunction and receiver, and granted the non-resident

defendants' motion to vacate the order for service by publication. This resulted in the dismissal of the plaintiff's bill by final decree, and the case was brought here by the plaintiff under § 238 of the Judicial Code upon the question of jurisdiction of the court.

The District Judge after entering the decrees of dismissal made a certificate as follows:

"I hereby certify that said decrees were entered solely because the case as made by the bill did not set forth a legal or equitable claim to or lien on the property in the district, of which this court would have jurisdiction within the meaning of Section 57 of the Judicial Code, or in which this court could render a judgment otherwise than a judgment *in personam* against the non-resident aliens who appeared specially and objected to the jurisdiction of the court."

The Judge also delivered an opinion, which is in the record, holding that under the terms of the contract the plaintiff had no right in the assets as such, and no partner's lien upon the property, but was confined to his rights *in personam* against the firm, and that, therefore, there could be no service by publication under § 57 of the Judicial Code. That section is a reënactment of § 8 of the Act of March 3, 1875, c. 137, 18 Stat. 472. It provides for service by publication when in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto.[1]

Section 238 of the Judicial Code provides that, the case

---

[1] Section 57. "When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real

being one in which the jurisdiction of the court is in issue, that question shall be certified to this court.

The appellees challenge the jurisdiction of this court to entertain this appeal on the ground that the case does not present a jurisdictional issue properly reviewable by this court.

---

or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks. In case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district; and when a part of the said real or personal property against which such proceedings shall be taken shall be within another district, but within the same State, such suit may be brought in either district in said State: *Provided, however*, That any defendant or defendants not actually personally notified as above provided may, at any time within one year after final judgment in any suit mentioned in this section, enter his appearance in said suit in said district court, and thereupon the said court shall make an order setting aside the judgment therein and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; and thereupon said suit shall be proceeded with to final judgment according to law."

Since the decision of *Shepard* v. *Adams,* 168 U. S. 618, it has been the accepted doctrine that where there is a contention that no valid service of process has been made upon the defendant, and the judgment is rendered without jurisdiction over the person, such judgment can be reviewed by direct appeal to this court. This principle was restated and previous cases cited as late as *Merriam & Co.* v. *Saalfield,* 241 U. S. 22, 26.

It is equally well settled that, where the question of jurisdiction presented and decided turns upon questions of general law, determinable upon principles alike applicable to actions brought in other jurisdictions, the jurisdiction of the court as a federal court is not presented in suchwise as to authorize the jurisdictional appeal directly to this court; and the question must be decided as other questions are, by the usual course of appellate procedure, giving review in the Circuit Court of Appeals. *Louisville Trust Co.* v. *Knott,* 191 U. S. 225; *Bache* v. *Hunt,* 193 U. S. 523; *Fore River Shipbuilding Co.* v. *Hagg,* 219 U. S. 175; *Scully* v. *Bird,* 209 U. S. 481, 485; *Bogart* v. *Southern Pacific Co.,* 228 U. S. 137.

That the question of the adequacy of the allegations of the bill to justify the relief sought does not present a jurisdictional question was held in *Smith* v. *McKay,* 161 U. S. 355; *Illinois Central R. R. Co.* v. *Adams,* 180 U. S. 28; *Louisville & Nashville R. R. Co.* v. *Western Union Telegraph Co.,* 234 U. S. 369, 372; *Darnell* v. *Illinois Central R. R. Co.,* 225 U. S. 243; *Public Service Co.* v. *Corboy,* 250 U. S. 153, 162.

The opinion of the court below, read in connection with the certificate, shows that it was held that the contract set up in the bill gave no lien upon or right *in rem* in the assets sought to be reached within the district. The question was presented, the court in the exercise of jurisdiction, after an examination of the contract set forth in the bill and a consideration of its terms, determined it

upon principles which would have been equally applicable had the question been presented in other jurisdictions. Its decision, therefore, did not involve the jurisdiction of the federal court as such, which, it is settled, is required in order to justify a direct appeal to this court.

In *Chase* v. *Wetzlar*, 225 U. S. 79, the Act of March 3, 1875, now § 57 of the Judicial Code, was involved, and there was an attempt to have service on alien defendants by publication under the provisions of the statute. The issue made was as to whether there was property of the defendants within the jurisdiction of the court. That issue was held to present a question of jurisdiction properly reviewable in this court under § 238. In the case now presented no question is made as to the presence of property in the district. The attempted service was set aside, and the bill dismissed, upon consideration of the allegations of the bill which, it was held, upon application of general principles, did not show that the plaintiff had any lien upon or interest in the property authorizing him to invoke the procedure outlined in § 57 of the Judicial Code.

As to the contention that the whole case is here upon a constitutional question because of the procedure in the court below, § 238 provides that when a case comes here upon a question of jurisdiction, that question alone shall be certified. Moreover, we find no merit in the alleged deprivation of constitutional rights so as to present questions arising under the Constitution.

It follows that the appeal must be dismissed for want of jurisdiction.

*Dismissed.*