## SMITH v. APPLE.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF KANSAS.

No. 124.   Argued January 2, 1924.—Decided March 3, 1924.

1. Where a District Court dismisses a suit upon the specific ground of want of jurisdiction, this Court, upon a sufficient certificate, acquires jurisdiction of a direct appeal, and whatever the reason assigned by the District Court for the supposed want of jurisdiction, must determine whether that court had and should have exercised the jurisdiction thus denied. P. 277.

2. But where a decree of the District Court does not purport to be based upon a question of its jurisdiction, a subsequent certificate characterizing the ground of decision as one involving a question of jurisdiction, does not authorize this Court to entertain the appeal unless the question certified presents an issue as to " the jurisdiction of the court " within the meaning of Jud. Code, § 238. *Id.*

3. The question whether, in a suit in equity, the plaintiff is prevented by Jud. Code, § 265, from obtaining an injunction staying proceedings in a state court, does not present an issue as to the jurisdiction of the District Court, within the meaning of § 238, but one of the equity or merits of the case. *Id.*

4. Section 265 of the Code is not a jurisdictional statute, but a mere
limitation upon the general equity powers of the federal courts,
preventing relief by injunction in the cases covered by it.   P. 278.

5. An appeal from the District Court, involving only the merits but
mistakenly brought here as involving only that court's jurisdiction,
will be transferred to the Circuit Court of Appeals, under the
Transfer Act of September 14, 1922, Jud. Code, § 238a.   P. 280.

Case transferred to Circuit Court of Appeals.

DIRECT appeal from a decree of the District Court dismissing, for want of jurisdiction, a suit to enjoin enforcement of judgments recovered by the defendant in a state court.

*Mr. John S. Dean,* with whom *Mr. A. Scott Thompson* and *Mr. Harry W. Colmery* were on the brief, for appellant.

*Mr. Edward E. Sapp,* with whom *Mr. P. P. Campbell* was on the brief, for appellee.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The record presents a preliminary question as to our jurisdiction of this appeal. This we must consider, although not raised by counsel. *Stevirmac Oil Co.* v. *Dittman,* 245 U. S. 210, 214.

This is a suit in equity brought in the District Court by a citizen of Oklahoma against a citizen of Kansas to enjoin the latter from enforcing certain judgments that he had recovered against the plaintiff in a state court—which were alleged to be unconscionable and void—and, incidentally, from further prosecuting a suit in the District Court that had been brought by him against a surety on a supersedeas bond given by the plaintiff in the course of the proceedings in the state court. The amount involved, exclusive of interest and costs, exceeds $3,000.

The defendant moved to dismiss the suit on two grounds:   1st, for want of jurisdiction, because the diver-

sity of citizenship had not existed at the time the judgments were rendered; and, 2nd, for want of " a valid cause of action in equity." The District Judge, on consideration of this motion, handed down a memorandum in which—without passing upon the jurisdictional question raised by the motion—he said: " In examining the matter I am constrained to believe in so far as restraint of further proceedings in the courts of the state are concerned, the injunction prayed for in this suit is within the letter and spirit of the prohibition of Section 265 of the Judicial Code, . . . and that the motion to dismiss interposed in this suit should be sustained." A decree was thereupon entered dismissing the suit, at the costs of the plaintiff, " for the reasons stated " in the memorandum. Thereafter the appeal to this Court was allowed by another District Judge, sitting by assignment; his order allowing the appeal reciting that the decree dismissing the suit " was made upon consideration solely of the question of the court's jurisdiction of the said action under the provisions of Section 265 of the Judicial Code."

Section 238 of the Judicial Code—reënacting a like provision in the Act of March 3, 1891, c. 517, 26 Stat. 826,—provides that appeals and writs of error may be taken from district courts direct to this Court in cases " in which the jurisdiction of the court is in issue ", in which case that question alone shall be certified from the court below for decision.[1]

We assume for present purposes that in matter of form the recital in the order allowing the appeal that the suit was dismissed " upon consideration solely of the court's jurisdiction " of the action under § 265 of the Code, is a sufficient certification of a jurisdictional question. See

---

[1] The Act of 1891 related to direct appeals and writs of error from the then existing circuit courts as well as district courts. Decisions under that act as well as the Code, are cited in this opinion without distinction in this respect.

*Excelsior Pipe Co.* v. *Bridge Co.,* 185 U. S. 282, 285.
Coming, however, to the matter of substance, it is clear
that the suit was dismissed solely upon the ground that
in the opinion of the District Judge the court was pro-
hibited by § 265 from granting the injunction sought by
the bill.  True it is that where a district court dismisses
a suit upon the specific ground of want of jurisdiction, this
Court, upon a sufficient certificate, acquires jurisdiction of
a direct appeal, and, whatever the ground assigned by the
district court for the supposed want of jurisdiction, must
determine whether or not that court had and should have
exercised the jurisdiction thus denied.  *Excelsior Pipe Co.*
v. *Bridge Co., supra,* p. 285; *The Ira M. Hedges,* 218 U. S.
264, 270; *Louisville Railroad* v. *Telegraph Co.,* 234 U. S.
369, 377; *Public Service Co.* v. *Corboy,* 250 U. S. 153, 159.
But where, as in the present case, a decree of the district
court does not purport to be based upon a question of
its jurisdiction, a subsequent certificate characterizing the
ground of the decision as one involving its jurisdiction,
does not authorize this Court to entertain the appeal un-
less the question certified presents an issue as to " the
jurisdiction of the court " within the meaning of § 238 of
the Code.  *Smith* v. *McKay,* 161 U. S. 355, 357; *O'Neal* v.
*United States,* 190 U. S. 36, 38; *Bien* v. *Robinson,* 208
U. S. 423, 427; *Darnell* v. *Illinois Railroad,* 225 U. S.
243, 245; *Stevirmac Oil Co.* v. *Dittman, supra,* p. 214;
*DeRees* v. *Costaguta,* 254 U. S. 166, 172.

Does the dismissal of a suit in equity upon the ground
that the court is prohibited by § 265 of the Code from
granting the relief sought by the bill, involve an issue as
to " the jurisdiction of the court " within the meaning of
§ 238 of the Code?

Under the latter section, as interpreted by repeated de-
cisions of this Court, the jurisdiction of the district court
is in issue only when its power to hear and determine the
cause, as defined and limited by the Constitution or

statutes of the United States, is in controversy, *Smith* v. *McKay, supra*, p. 358; *Mexican Railway* v. *Eckman*, 187 U. S. 429, 432; *O'Neal* v. *United States, supra*, p. 37; *United States* v. *Construction Co.*, 222 U. S. 199, 201; *The Pesaro*, 255 U. S. 216, 218; that is, shortly stated, when "its power to entertain the suit under the laws of the United States" is in issue. *Louisville Railroad* v. *Telegraph Co., supra*, p. 371. Where a district court is vested with jurisdiction of a cause—as where diversity of citizenship exists and the matter in controversy is of the requisite value—the question whether as a court of equity it has power to entertain the suit and afford the plaintiff equitable relief, does not present a jurisdictional issue. *Bien* v. *Robinson, supra*, p. 427. Such an issue is not presented by the question whether there is want of equity in the bill, *Smith* v. *McKay, supra*, p. 358; *Building Association* v. *Price*, 169 U. S. 45, 46; *World's Columbian Exposition* v. *United States*, (C. C. A.) 56 Fed. 654, 666; as whether its allegations are sufficient to entitle the plaintiff to the equitable relief sought, *Louisville Railroad* v. *Telegraph Co., supra*, p. 372; *DeRees* v. *Costaguta, supra*, p. 173, or whether it is not cognizable in equity because of a plain, adequate and complete remedy at law, *Smith* v. *McKay, supra*, p. 356; *Shepard* v. *Adams*, 168 U. S. 618, 622; *Illinois Railroad* v. *Adams*, 180 U. S. 28, 34.

So the question whether, in a suit in equity, the plaintiff is prevented by § 265 of the Code from obtaining an injunction staying proceedings in a state court, does not present an issue as to "the jurisdiction" of the district court. This section—reënacting § 720 of the Revised Statutes—provides that, except in bankruptcy cases, the "writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State". It is not a jurisdictional statute. It neither confers jurisdiction upon the district courts nor takes away the jurisdiction otherwise specifically conferred upon them

by the federal statutes.[2]   It merely limits their general equity powers in respect to the granting of a particular form of equitable relief; that is, it prevents them from granting relief by way of injunction in the cases included within its inhibitions.   In short, it goes merely to the question of equity in the particular bill.   See *Simon* v. *Southern Railway,* 236 U. S. 115, 116, 122–124; *Wells Fargo & Co.* v. *Taylor,* 254 U. S. 175, 185; *Public Service Co.* v. *Corboy,*[3] *supra,* p. 160; *National Surety Co.* v. *State Bank,* (C. C. A.) 120 Fed. 593, 604.   This section, as settled by repeated decisions of this Court, does not prohibit in all cases injunctions staying proceedings in a state court.   Such injunctions may be granted, consistently with its provisions, in several classes of cases.   See *Wells Fargo & Co.* v. *Taylor, supra,* at p. 183, in which many decisions on this question are collated and classified. Necessarily, therefore, in a suit in equity of which a district court has jurisdiction under the federal statutes, where the relief sought is an injunction against proceedings in a state court, it is the duty of the court to determine, under the allegations and proof, whether a case is made which entitles the plaintiff to the injunction sought, that is, whether the case presented is one in which such relief is prohibited by the statute or one in which it may

---

[2] Its language is similar to that in § 267 of the Judicial Code, providing that suits in equity " shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law ", which does not go to the jurisdiction of the court; and in marked contrast to the provision in § 24 of the Code that no " district court shall have cognizance of any suit " to recover upon any chose in action in favor of an assignee, unless it might have been prosecuted in such court if no assignment had been made.

[3] In this case, as the decree had dismissed the bill " for want of jurisdiction ", this Court was required, under the direct appeal, to determine whether the district court had the jurisdiction which it had denied; and its decree denying jurisdiction was reversed.

nevertheless be granted. *Marshall* v. *Holmes,* 141 U. S. 589, 601. Where the plaintiff has the undoubted right to invoke its federal jurisdiction the court is bound to take the case and proceed to judgment. *Kline* v. *Construction Co.,* 260 U. S. 226, 234. And when the court takes jurisdiction and determines that in the light of § 265 of the Code it is either authorized or prevented from granting the injunction prayed, its decision, whether the relief sought be granted or denied, is plainly not a decision upon a jurisdictional issue but upon the question whether there is or is not equity in the particular bill; that is, a decision going to the merits of the controversy.

In the present case the district court, as shown by the memorandum and decree, did not decline to exercise jurisdiction. On the contrary, it took jurisdiction of the cause, and, determining, upon consideration of the bill, that it was prohibited by § 265 from granting the relief sought, dismissed the bill; thereby, in effect, sustaining the ground of the motion relating to want of equity in the bill. This decision, not being upon a jurisdictional issue, but on the merits, was only reviewable by appeal to the Circuit Court of Appeals. *De Rees* v. *Costaguta, supra,* p. 173. The direct appeal to this Court was therefore improvidently allowed.

Prior to the Act of September 14, 1922, c. 305, 42 Stat. 837, this would have resulted in the dismissal of the appeal for want of jurisdiction here. *Smith* v. *McKay, supra,* p. 359; *O'Neal* v. *United States, supra,* p. 38; *Excelsior Pipe Co.* v. *Bridge Co., supra,* p. 285; *DeRees* v. *Costaguta, supra,* p. 174. That act, however, amends the Judicial Code by adding § 238(a), providing, *inter alia,* that an appeal taken to this Court in a case wherein it should have been taken to a circuit court of appeals, shall not for such reason be dismissed, but shall be transferred to that court for determination as if the appeal had been duly taken to it. As this appeal involves a question upon

the merits of the controversy which should have been taken to the Circuit Court of Appeals for the Eighth Circuit instead of to this Court, it must, pursuant to the statute, be transferred to that court.

*It is so ordered.*