## CONTINENTAL CASUALTY CO. v. NATIONAL HOUSEHOLD DISTRIBUTORS, Inc., et al.

### No. 209.

District Court, E. D. Wisconsin.

Feb. 5, 1940.

Wilkie, Toebaas, Hart, Kraege & Jackman, of Madison, Wis., and Wood, Warner & Tyrrell, of Milwaukee, Wis., for plaintiff.

Olin & Butler, of Madison, Wis., for defendant Edna Speth.

Jeffris, Mouat, Oestreich, Wood & Cunningham, of Janesville, Wis., for defendant Elizabeth M. Lamoreaux.

Hill, Beckwith & Harrington, of Madison, Wis., for defendant Alma Runge.

Schubring, Ryan, Petersen & Sutherland, of Madison, Wis., for defendant Employers Mut. Liability Ins. Co.

DUFFY, District Judge.

The complaint herein asks for a declaratory judgment that a policy of automobile liability insurance issued by plaintiff did not cover a certain automobile involved in an accident in July, 1939, and that therefore none of the defendants are entitled to any benefit or rights under said policy. Complaint alleges diversity of citizenship, and the jurisdictional amount. The matter now before the court is the motions of various defendants to dismiss the action, and on the motion of the plaintiff for a preliminary injunction pendente lite. There was also a motion by the plaintiff for a speedy hearing under the provisions of Rule 57 of the Federal Rules of Civil

Procedure, 28 U.S.C.A. following section 723c.

Plaintiff issued a policy of automobile insurance for the protection of the defendant National Household Distributors, Inc., and thereafter there were added endorsements describing certain automobiles, and individuals who were representatives of said National Household Distributors. On July 29, 1939, the defendant Savick, while operating his automobile, collided with an automobile operated by the defendant Alma Runge. The accident resulted in the death of two occupants of the Runge car and injuries to Alma Runge and five guests. The Runge car was insured by the defendant Employers Mutual Liability Insurance Company. It is the claim of the plaintiff that the car operated by Savick was not covered by the policy of insurance which it had issued.

Thus far three of the defendants have commenced actions against the plaintiff and others in the Circuit Court of Dane County; and three others have started suits in the Circuit Court of Jefferson County. Two additional suits are threatened which, .if commenced, may be brought in the Circuit Court of Milwaukee County. The defendant Reynolds has commenced a suit in Jefferson County against the defendants National Household Distributors, Inc., David Savick, Alma Runge, the Employers Mutual Liability Insurance Company, and the plaintiff. The defendant Davis has commenced a suit in the same court against the same parties. The defendant Speth has commenced a suit against the same parties in the Circuit Court of Dane County. The defendant Central Wisconsin Trust Company, as administrator of the Estate of Edna F. Wright, deceased, has commenced a suit against the same parties and in the same court as the defendant Speth. The defendant Runge has commenced a suit against the National Household Distributors, Inc., Savick, and the plaintiff; this action has been transferred to Jefferson County from Dane County. The defendant Lamoreaux has commenced a suit against the same parties and in the same court as the defendant Speth. The defendant Hoffman is alleged to have a potential claim.

The plaintiffs, in all of the State court actions mentioned, claim that the defendant Savick was negligent, and that under Wisconsin laws the plaintiff herein is likewise liable. The defendants Savick and National Household Distributors, Inc., claim that they are entitled to the benefit and protection of the policy of insurance issued by the plaintiff herein.

All of the defendants make claim against the plaintiff herein in one form or another; the insured persons claim the right to collect damages; the insurer of the Runge car claims the right to contribution; and the defendants Savick and National Household Distributors, Inc., claim the protection and benefit of the policy issued by the plaintiff.

The Declaratory Judgment Act, 28 U.S.C.A. § 400, should be liberally construed. It makes for the prompt and efficient determination of rights. By the use of this act much litigation can be avoided. This comparatively new (1934) Federal law is a valuable remedial statute.

Rule 57 of the Federal Rules of Civil Procedure provides: "The procedure for obtaining a declaratory judgment pursuant to Section 274(d) of the Judicial Code * * * shall be in accordance with these rules * * *. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

Both sides of this controversy have quoted Professor Borchard, as he is a recognized authority and one of the authors of the Declaratory Judgment Act. In an article in the November, 1939, Illinois Law Review he says: "Where an action by several injured persons is already pending in a State court and the company has complete opportunity to assert its immunity in one action, and great inconvenience to several injured persons would be caused by compelling them to defend a Federal action for immunity, there may on the balance of convenience in exceptional cases be a sound reason for declining to exercise Federal jurisdiction."

It will be noted that Professor Borchard refers to *an* action pending in *a* State Court. Here we have six actions pending in two different Circuit ·Courts and at least the possibility of two additional actions in still another Circuit Court. We have different parties to each suit, and to a certain extent different issues in each suit.

The defendant Runge, who is a defendant in five of the actions, resides in Dane County. The accident occurred in Jefferson County. There is no way to compel a trial of all of said actions in one court where they might be consolidated for the

purposes of trial. In addition there are tactical reasons whereby the plaintiffs in the various court actions might well object to a consolidation. If there is coverage by the plaintiff in this action, it is limited to $10,000. If there is liability at all, it would in all likelihood greatly exceed the limitations of the policy. Each plaintiff in a State action would desire to have that particular case determined first. One State court may consolidate the actions and the others may not; one may permit a trial of the issue of coverage first, and the others may not. The question of coverage will undoubtedly be very largely a matter of law, but in the event it is necessary to hear witnesses, it appears that the representatives of this plaintiff, the officers of the National Household Distributors, Inc. and the defendant Savick are all located in Milwaukee.

■ I am in entire accord with the contention of the defendants herein that if this were one action, pending in one State court, where all matters in controversy could be settled, there would be no justification for this court assuming jurisdiction. As was well said in American Automobile Insurance Co. v. Freundt, 7 Cir., 103 F.2d 613, the wholesome purposes of the Declaratory Judgment Act would be aborted by its use as an instrument of procedural fencing either to secure delay or to chose a forum.

However, if this court assumes jurisdiction, the question of coverage can be promptly tried, and it should be of considerable importance to all concerned that this question be settled promptly in one action. Not only will the plaintiff benefit by having that issue determined, but it should be of great benefit to the defendants National Household Distributors, Inc., Savick, Runge, and the Employers Mutual Liability Insurance Company. As was stated in United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288, 293: "It is therefore of exceptional importance to both insurer and insured, if not indeed to the injured person, to know at the earliest possible moment whether the policy covers the loss or not."

The contention is made that if the issue should be decided adversely to the plaintiff in this action, it would still have to try the various actions in the State courts. However, plaintiff's attorneys contend that in the event of an adverse decision here, they could start a simple interpleader action in the State court joining all the claimants, and then deposit the full amount of the coverage with the court for such equitable distribution as might be determined.

We are therefore of the opinion that this court should assume jurisdiction, and that the motions of the various defendants to dismiss should be denied.

■ But we must now consider whether the motion for a preliminary injunction should be granted. Defendants contend that Section 265 of the Judicial Code, 28 U.S.C.A. § 379, prohibits the issuance of such a writ. This section provides as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." This section has been before the courts for consideration many times, and it has been held that it is not a jurisdictional statute; that it neither confers nor takes away jurisdiction. The real test seems to be whether a specific case is one in which injunctive relief should be granted. As was said in Smith v. Apple, 264 U.S. 274, 279, 44 S.Ct. 311, 313, 68 L.Ed. 678: "In short, it goes merely to the question of equity in the particular bill." In Alliance Ins. Co. of Philadelphia v. Jamerson, D.C., 12 F.Supp. 957, the court said, 12 F.Supp. at page 962: "This statute has been the subject of much discussion, but it seems settled that it was the intent of Congress thereby not to affix a limitation upon the jurisdiction of the court, but merely to limit the general equity powers of the court in the granting of a particular form of equitable relief. In other words, the statute looks to the equity of the bill, and its effect is to provide that no equity jurisdiction shall exist in the United States courts which has for its basis for existence the enjoining of suits in the state court, but that, on the other hand, the well-recognized equity jurisdiction to restrain suits at law, in protection of the jurisdiction of a court of equity, is not limited by the act, and that it recognizes the well-established general doctrine above discussed." On appeal this case came before the Circuit Court of Appeals of this Circuit, Jamerson v. Alliance Ins. Co., 7 Cir., 87 F.2d 253; certiorari denied, 300 U.S. 683, 57 S.Ct. 753, 81 L.

852

Ed. 886. The court said 87 F.2d at page 256: "It is unnecessary to discuss at length the applicability of section 265 of the Judicial Code (28 U.S.C.A. § 379). The Supreme Court has held that it is not a jurisdictional statute, but one that merely goes to the equity presented by the bill. That court has further held that if the bill discloses a case appropriate for the exercise of equitable and injunctive powers of a federal court, an injunction of the character here involved may be issued. Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678; Woodmen of the World v. O'Neill, supra [266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293]. This question was fully discussed in the District Court's opinion, and we concur in the result reached therein."

In the case of Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, at page 324, the court said: " * * * nothing is better settled than that whether or not injunctive relief shall be granted is a matter resting in the sound discretion of the trial judge. * * * We think this discretion should be liberally exercised to effectuate the purposes of the statute * * * but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction."

As heretofore indicated, it is apparent that the issues cannot be tried with equal facility in the various State courts, and that it would be for the benefit of several of the defendants as well as the plaintiff to have the issue of coverage determined promptly and in one case.

An order may, therefore, be entered denying the motions of various defendants herein to dismiss this action, and may provide for the issuance of a temporary injunction upon the condition that the plaintiff herein furnish a bond of $2,000 to protect the defendants from all damages and costs which may be adjudged against the plaintiff herein by reason of any wrongful or improvident issue of such injunction.

After the findings and order have been signed by the Court, the Clerk will advance this case upon the calendar so that an early determination of the question of coverage may be had.