UNITED STATES v. WESTERN FRUIT GROWERS, Inc., et al.

No. 1139-Y.

District Court, S. D. California, Central Division.

Sept. 28, 1940.

Wm. Fleet Palmer, U. S. Atty., and Walter M. Campbell, Asst. U. S. Atty., both of Los Angeles, Cal., for plaintiff.

G. V. Weikert, of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The complaint seeks to enforce and prevent violation of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq., which in all its phases has received the constitutional sanction of the Supreme Court, United States v. Rock Royal Co-Operative, Inc., 1939, 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446.

The defendants against whom it is directed are individuals and associations who are "growers", "handlers" and "shippers" of citrus fruit in interstate commerce. They are charged with a series of acts violating and designed to hinder the enforcement of Order No. 2, issued by the Secretary of Agriculture on January 4, 1936, and the amendments to it.

The defendants have instituted in the Superior Court of California for Los Angeles County, an action directed against C. E. Myers and others who are the duly appointed, qualified and acting members and alternate members of the Growers' Advisory Committee and the Distribution Committee, together with the duly appointed and acting Assistant Secretary of these committees, operating under Order No. 2.

The object of that action is to prevent the members from performing any of the acts required by them to be performed under the Agricultural Adjustment Act of 1933 and amendments thereto, the Agricultural Marketing Act of 1937 and order No. 2.

A temporary restraining order has been issued by the Superior Court, directed at the defendants in the action. Since its issuance, orders to show cause why certain members of the Committees should not be punished for contempt for its violation have also issued out of the Superior Court.

The object of the action in the Superior Court, as appears from the pleadings and the affidavits here, is to secure an adjudication that Order No. 2 of the Secretary of Agriculture and the amendments thereto are invalid.

The official residence of the Secretary of Agriculture is the District of Columbia. 5 U.S.C.A. § 511 et seq. He cannot be sued elsewhere. The establishment of pro-rates and allotments under the Order and Amendments thereto (Articles II and III) is the act of the Secretary of Agriculture. 7 U.S.C.A. § 608c. Whatever acts are performed by the Advisory Committee and the Distribution Committee precede the making of an order. H. P. Hood & Sons v. United States, 1939, 307 U.S. 588, 59 S.Ct. 1019, 83 L.Ed. 1478. The Superior Court of California is without jurisdiction to declare invalid an order of an executive officer of the United States in a proceeding to which he is not a party. This is especially true when the enforcement of the statute is exclusively in the hands of such officer. See: Webster v. Fall, 1925, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Federal Trade Commission v. Claire Furnace Co., 1927, 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978; Massachusetts Farmers Defense Committee v. United States, D.C.Mass., 1939, 26 F.Supp. 941; Hawthorne v. Fisher, D.C.Tex., 1940, 33 F.Supp. 891. Nor can this result be achieved indirectly by interdicts directed against subalterns who may have some duty to perform in conjunction with the orders issued by an executive officer—here the Secretary of Agriculture. In nothing that the defendants in the state action do, are they, in any way, trespassing upon the property of any peron to the extent of subjecting them to injunctive process in a court, without the presence before the court of the Secretary of Agriculture. Eastman v. United States, D.C.Wash., 1939, 28 F.Supp. 807.

The assumption of jurisdiction by the Superior Court would, under the allegations of the complaint and the showing made by the affidavits, merely harass persons who, in so far as they perform any duties at all, even of an advisory capacity, are agents of the Secretary of Agriculture and of the United States.

The enforcement of the provisions of the Agricultural Adjustment Act of 1933 is vested in the United States District Court, at the exclusive behest of the Secretary of Agriculture. 7 U.S.C.A. § 608a (6, 7).

There are pending in this court actions against some of these very defendants, charging violations of the Order. As to some, injunctions, which have become final, have issued.

Notwithstanding the provisions of Section 265 of the Judicial Code, 28 U.S.C.A. § 379, injunctions will issue to enjoin state actions where necessary to protect the District Court's own jurisdiction. The action in the Superior Court is a direct challenge to the authority of a cabinet officer of the United States who is charged by the Congress with *the sole duty of enforcing a statute of the United States*. The United States, as a litigant, may come into its own courts and seek relief against a proceeding to which it is not and cannot be made a party, but the judgment in which might affect acts of its executive officers and those acting under them. See: Chase National Bank v. City of Norwalk, 1934, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894; Hale v. Binco Trading Co., 1939, 306 U.S. 375, 59 S.Ct. 526, 83 L.Ed. 771.

The section is not jurisdictional. The inhibition it imposes will never be applied in a manner to hinder or defeat the District Court's own jurisdiction. Wells Fargo & Co. v. Taylor, 1920, 254 U.S. 175, 183, 41 S.Ct. 93, 65 L.Ed. 205; Essanay Film Co. v. Kane, 1922, 258 U.S. 358, 361, 42 S.Ct. 318, 66 L.Ed. 658; Kline v. Burke Construction Co., 1922, 260 U.S. 226, 229,

43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Smith v. Apple, 1924, 264 U.S. 274, 278, 44 S.Ct. 311, 68 L.Ed. 678; American Optometric Ass'n v. Ritholz, 7 Cir., 1939, 101 F.2d 883, 885.

The Agricultural Marketing Act provides an administrative procedure for the rectification of complaints by persons covered by the Act. 7 U.S.C.A. § 608c (15) (A). A proceeding of this character is now pending. Its termination is a condition precedent to the institution of any action in any court. 7 U.S.C.A. § 608c (15) (B).

And while some of the defendants in this action may not belong to the group governed by the order, and to whom the administrative remedy applies, if they join and assist others in instituting proceedings in a court which is without jurisdiction, because, among other things, the administrative remedy has not been exhausted, they are subject to the interdict of this court, along with the others.

The principles just declared have been treated by me recently in several decisions. They are, therefore, stated without elaboration. In addition to the authorities here cited, reference is made to these decisions where additional authorities on the subject are discussed fully. Northrop Corp. v. Madden, D.C.Cal., 1937, 30 F.Supp. 993; Redlands Foothill Groves v. Jacobs, D.C.Cal., 1940, 30 F.Supp. 995; and see Hawthorne v. Fisher, D.C.Tex., 1940, 33 F.Supp. 891.

The motion to dismiss will be denied.

Injunction will issue.