George M. COLE, D.O., Plaintiff,

v.

Alexander B. McNAUGHTON; Richard Pickens, in his official capacity as Oklahoma District Court Judge for Garfield County, State of Oklahoma; and the State Board of Osteopathic Examiners, State of Oklahoma, Defendants.

No. CIV–90–633–W.

United States District Court,
W.D. Oklahoma.

April 25, 1990.

Stephen Jones, Carol Hambrick, Jones, Bryant & Hambrick, Enid, Okl., for plaintiff.

William R. Burkett, Steven L. Tolson, Hall, Estill, Hardwick, Gable, Golden & Nelson, Rachael Lawrence–Mor, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## ORDER

LEE R. WEST, District Judge.

This matter came on for hearing on the Motion for Temporary Restraining Order filed by the plaintiff, George M. Cole, D.O. After consideration of the arguments of counsel and the exhibits admitted into evidence, the Court makes its determination.

### Findings of Fact

1. In 1982, plaintiff Cole was a doctor in the United States Army stationed at Fort Sill, Oklahoma, and practicing at Reynolds Army Community Hospital.

2. A medical quality assurance review was initiated by Colonel Larry Grabhorn, hospital commander, regarding Dr. Cole's performance and activities. Major Edmund C. Landry, Major Jonathon P. Bacon and

Colonel Edwin H.J. Carns participated in the review.

3. The review generated certain documents including but not limited to

(a) a letter dated December 29, 1982, from Major Landry to Colonel Carns;

(b) a letter dated December 30, 1982, from Major Bacon to Colonel Carns;

(c) a letter dated January 3, 1983, from Colonel Carns to Colonel Grabhorn;

(d) a disposition form dated January 4, 1983, from Colonel Grabhorn to Dr. Cole;

(e) a report of the hearing committee dated February 15, 1983, regarding Dr. Cole's professional activities;

(f) two letters dated March 14, 1983, from Colonel Grabhorn to Dr. Cole;

(g) the minutes of the credentials committee dated March 21, 1983;

(h) a letter from Colonel Carns to Dr. Cole dated March 30, 1983; and

(i) a letter dated May 11, 1983, from Colonel Grabhorn to Dr. Cole.

4. A transcript of the medical quality assurance review hearing conducted on January 24, 1983, was also made.

5. On September 23, 1988, Leland Stanley, through counsel, defendant Alexander McNaughton, sued Dr. Cole and others in the District Court for Garfield County, Oklahoma, for surgery performed by Dr. Cole on August 18, 1987, at Pawnee Municipal Hospital. *Cole v. Stanley*, No. 88–915. Discovery has occurred and Drs. Grabhorn, Landry and Bacon have been deposed. Trial is scheduled before The Honorable Richard Pickens, District Judge for Garfield County, Oklahoma, on April 26, 1990.

6. On February 14, 1990, Jeffrey Axelrad, Director, Torts Branch, Civil Division of the United States Department of Justice, wrote to counsel for Dr. Cole and to defendant McNaughton and advised them that they had in their possession documents generated by the medical quality assurance review and that pursuant to title 10, section 1102 of the United States Code such documents were confidential and could not be used for discovery purposes or at trial.

Mr. Axelrad closed his letter by stating that

"[s]ince you are precluded from using the QA documents, I request that all of you immediately forward all copies of the QA documents to Judge Pickens. I have asked Judge Pickens to place all copies of the Army QA documents under seal."

7. By letter dated the same date, Mr. Axelrad wrote Judge Pickens and advised him that through section 1102, "the United States Congress has mandated a prohibition against the discovery and admissibility of Army QA documents in litigation." Mr. Axelrad informed Judge Pickens that he had written the attorneys involved in *Stanley* and had requested that they submit all documents to Judge Pickens. Mr. Axelrad then requested Judge Pickens, upon receipt of such records, to place them under seal.

8. By letters dated February 6, 1990, Drs. Bacon, Carns and Landry were reminded by George C. Baxley, Lieutenant Colonel, United States Army, of the prohibitions in section 1102 and of the penalties for willful disclosure of medical quality assurance records.

9. On March 7, 1990, counsel for Dr. Cole moved Judge Pickens to order all counsel in *Stanley* to surrender to Judge Pickens all documents in their possession relating to the Fort Sill medical quality assurance review. Judge Pickens denied the request.

10. The Final Pretrial Order filed by counsel for Dr. Cole and by defendant McNaughton and signed by Judge Pickens on March 5, 1990, in *Stanley* lists as plaintiff's exhibits the documents described in paragraph 3, subsections (a), (b), (c) and (g) of this Order.

11. The Final Pretrial Order also lists as witnesses for the plaintiff, Drs. Carns, Landry, Bacon and Grabhorn.

12. Prior to the filing of such pleading, defendant McNaughton on February 13, 1990, wrote to Lt. Colonel Baxley and to William A. Woodruff, Lieutenant Colonel, United States Army, and requested permission for Drs. Landry, Carns and Bacon "to testify to their factual knowledge of [Dr. Cole] exclusive of any 'Quality Assurance'

investigation" and advised that these proposed witnesses would not be asked "to divulge 'Quality Assurance' type testimony given at the hearing on Dr. Cole...."

13. Lt. Colonel Woodruff replied to defendant McNaughton's letter by informing him that "[t]he witnesses are authorized to testify concerning their knowledge of [Dr. Cole] ... [but that] [t]hey are not authorized to testify concerning information that is classified, privileged, or otherwise protected from public disclosure." He cautioned that "[t]he witnesses are not authorized to divulge quality assurance information."

14. Lt. Colonel Woodruff also stated that "[i]t appears that Drs. Bacon and Landry developed their expert testimony in their capacity as civilian physicians. As such, we have neither the right nor the desire to either approve or disapprove their expert testimony."

15. As of 1986, the Oklahoma Board of Osteopathic Examiners (Board), a defendant herein, maintained two files regarding Dr. Cole, one of which contained records which were subject to public disclosure. Apparently certain documents which reflected the events at Fort Sill were placed in the public-records file. As of April 20, 1990, all documents pertaining to Dr. Cole which were generated by the medical quality assurance review at Fort Sill or which contain information about the same have been placed in the Board's restricted-access file.

16. The relief requested by Dr. Cole at the hearing includes

(a) a stay of the trial in the District Court of Garfield County, Oklahoma, until such time as the privileged nature of the medical quality assurance records can be determined by this Court;

(b) an order prohibiting the testimony of Drs. Carns, Landry and Bacon at trial;

(c) an order directing the Board to remove all medical quality assurance records from Dr. Cole's public-records file;

(d) an order enjoining defendant McNaughton from publishing and/or disseminating any medical quality assurance records pertaining to Dr. Cole; and

(e) an order directing defendant McNaughton and counsel for Dr. Cole to deliver to this Court all medical quality assurance records in their possession and/or control.

*Conclusions of Law*

1. Subject matter jurisdiction in this action is grounded in title 28, section 1331 of the United States Code.

■ 2. The Anti–Injunction Act (the Act), 28 U.S.C. § 2283, on which defendant McNaughton and the Board have relied, is not a jurisdictional statute. Rather, it merely affects the power of this Court to afford the plaintiff the equitable relief he has sought. *E.g., Smith v. Apple,* 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678 (1924). When applicable, it is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).

3. The Act provides that

"[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

28 U.S.C. § 2283.

■ 4. Dr. Cole has argued that the case-at-bar falls in that category of cases where federal injunctive relief is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." 398 U.S. at 295, 90 S.Ct. at 1747.

5. While this Court has jurisdiction under section 1331 to decide whether a federal statute has indeed been violated, the state court has jurisdiction over the medical malpractice action initiated by defendant McNaughton. The Court does not

find that commencement of the trial in the District Court of Garfield County on April 26, 1990, will hinder this Court's jurisdiction so as to make an injunction necessary to aid that jurisdiction. Accordingly, based upon the explicit wording of section 2283 and "the fundamental principle of a dual system of courts," 398 U.S. at 297, 90 S.Ct. at 1748, the Court concludes that it has no authority to stay the trial in *Stanley* or to enjoin the testimony of Drs. Landry, Carns or Bacon.

6. The Court finds further, absent the bar of the Act, that the stay and preclusion of testimony requested by Dr. Cole is not warranted since there is no evidence before the Court that Judge Pickens will disregard the law.

7. The statutory protection afforded by title 10, section 1102 of the United States Code was enacted as part of the National Defense Authorization Act for Fiscal Year 1987 and it applies to all records created before, on or after the date of its enactment, November 14, 1986.

8. Section 1102(a) clearly provides that medical quality assurance records created as part of any medical quality assurance program as was the Fort Sill review are "confidential and privileged." Section 1102(b)(1) provides that "[n]o part of any medical quality assurance record ... may be subject to discovery or admitted into evidence in any judicial or administrative proceeding, except as provided in subsection (c)." Section 1102(b)(2) provides further that no person who reviews or creates medical quality assurance records or who participates in any proceeding that reviews or creates such records may be permitted or required to testify with respect to such records. Section 1102(c) sets forth those instances where disclosure is appropriate, none of which are applicable to the litigation pending in the District Court of Garfield County. Section 1102(k) provides the penalties for willful disclosure of such records.

9. The documents listed by defendant McNaughton as exhibits in the Final Pretrial Order in *Stanley* have been classified as records which fall within the protection of section 1102 and despite the listing of such documents as exhibits for trial, defendant McNaughton has assured this Court that he does not intend to offer or introduce any of these records.

10. As stated, the prohibition afforded by this section also extends to the testimony of those persons who created the medical quality assurance records or who participated in any proceeding that reviewed or created such records. *Id.* § 1102(b)(2). Dr. Cole has argued to this Court that he will be unable to engage in effective cross-examination of Drs. Carns, Landry and/or Bacon since this section prevents him from questioning these witnesses about the medical quality assurance review at Fort Sill and thus hinders his ability to establish the nature of, and reasons for, any personal bias or animosity they may have against Dr. Cole.

11. As the parties have so informed this Court, Judge Pickens has scheduled a hearing on April 28, 1990, to determine whether the probative value, if any, of the testimony of Dr. Carns, Landry and Bacon outweighs the clear prejudice which would result from Dr. Cole's inability to cross-examine these witnesses on these subjects if such witnesses were permitted to testify.[1]

12. Dr. Cole has also sought relief against the Board's public disclosure of medical quality assurance records. At the hearing, the Board admitted that it has no authority to permit public disclosure of any medical quality assurance documents and has assured the Court that all such documents have now been sealed.

■ 13. While it appears that certain medical quality assurance records were placed in Dr. Cole's public-records file, the Court finds such does not constitute a waiver of the confidential and privileged nature of these documents. *See* Woodruff, The Confidentiality of Medical Quality As-

---

1. No good reason has been advanced why the relief requested by Dr. Cole in the form of a stay of trial and preclusion of testimony could not be sought in the state appellate courts. Adequate remedies in the nature of writs of mandamus and prohibition appear to be available to Dr. Cole.

surance Records, The Army Lawyer (May 1987).

14. The final relief requested by Dr. Cole is directed at defendant McNaughton and counsel for Dr. Cole. Because section 1102 clearly classifies these medical quality assurance records as confidential and privileged and because the litigation in the District Court of Garfield County, Oklahoma, does not qualify as a situation where disclosure of records and testimony regarding such records are authorized, the Court finds that this relief is warranted.

15. Defendant McNaughton and all those in privy with him as well as counsel for Dr. Cole are to deliver to this Court within two (2) days all copies of all medical quality assurance records pertaining to the medical quality assurance review at Fort Sill which are in their possession, custody or control. Upon receipt of these documents, the Court will then deliver the same to the United States Attorney for the Western District of Oklahoma. Any further use, dissemination or publication of such records by defendant McNaughton and counsel for Dr. Cole is hereby enjoined.

16. Accordingly, the Court, based upon the foregoing, finds that the Motion for Temporary Restraining Order filed by plaintiff George Cole, D.O., is DENIED to the extent that it seeks a stay of the proceedings in the District Court of Garfield County, Oklahoma, and preclusion of any testimony at such trial. The Court finds further that the Motion to the extent that it seeks more permanent relief in the form of an order directing the Board to place all medical quality assurance records in Dr. Cole's restricted-access file and in the form of an order enjoining defendant McNaughton and counsel for Dr. Cole from any further use, dissemination or publication of such medical quality assurance records is GRANTED.