**PROMETHEUS DEVELOPMENT COMPANY, INC.; et al.,**
Plaintiffs—Appellants,

v.

**EVEREST PROPERTIES; et al.,**
Defendants—Appellees.

No. 06–16426.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 11, 2008.

Submitted Aug. 8, 2008.

Filed Aug. 12, 2008.

David T. Dibiase, Rogers & Wells, Richard P. Tricker, Anderson McPharlin & Conners, LLP, Los Angeles, CA, Steffen N. Johnson, Winston & Strawn, LLP, Washington, DC, for Plaintiffs–Appellants.

Bruce Adelstein, Law Offices of Bruce Adelstein, Dennis A. Kendig, Kendig Law Firm, Encino, CA, for Defendants–Appellees.

Before: THOMPSON and M. SMITH, Circuit Judges, and HAYES *, District Judge.

### ORDER AND MEMORANDUM**

This case is resubmitted as of August 8, 2008.

Plaintiffs–Appellants Prometheus Development Company and Sanford Diller (Plaintiffs) appeal the dismissal of their suit seeking an injunction against state court proceedings. Because the parties are familiar with the facts, we do not recount them here, except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Although the district court erred in styling its dismissal of Plaintiffs' action pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283 as one for lack of subject matter jurisdiction,[1] we will treat the district court's decision as having converted the Rule 12(b)(1) motion into a Rule 12(b)(6) motion for failure to state a claim. *See Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 n. 2 (9th Cir.1995) (treating a motion to dismiss for lack of jurisdic-

---

* The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Anti–Injunction Act "is not a jurisdictional statute. It neither confers jurisdiction upon the District Courts nor takes away the jurisdiction otherwise specifically conferred upon them by the Federal statutes." *Smith v. Apple,* 264 U.S. 274, 278–79, 44 S.Ct. 311, 68 L.Ed. 678 (1924); *see Gloucester Marine Rys. Corp. v. Charles Parisi, Inc.,* 848 F.2d 12, 15 (1st Cir.1988) ("The Act is not strictly jurisdic-

tional; it merely deprives the federal courts of the power to grant a particular form of equitable relief."); *Airlines Reporting Corp. v. Barry,* 825 F.2d 1220, 1225 (8th Cir.1987) ("The Anti–Injunction Act is not jurisdictional."); *In re Mooney Aircraft, Inc.,* 730 F.2d 367, 372 (5th Cir.1984) ("The Anti–Injunction Act is not a jurisdictional statute, but goes only to the granting of a particular form of equitable relief."); *First Nat'l Bank & Trust Co. v. Vill. of Skokie,* 173 F.2d 1, 4 (7th Cir.1949) (predecessor to § 2283 "is not a jurisdictional provision but is an impairment of the authority or power of the court to proceed").

tion as one for failure to state a claim); *Retana v. Apartment, Motel, Hotel & Elevator Operators Union*, 453 F.2d 1018, 1022 (9th Cir.1972) (same). "[A] party should not be bound at his peril to give the proper nomenclature for his motion. This would be a retreat to the strict common law. So long as he makes a timely motion and states the grounds therefor, the court should grant relief appropriate thereto." *Monte Vista Lodge v. Guardian Life Ins. Co.*, 384 F.2d 126, 129 (9th Cir.1967).

Treating defendant's motion to dismiss as one for failure to state a claim, the district court did not err in granting the motion, because Plaintiffs have not adequately alleged privity between the plaintiffs in the state court action and the plaintiffs in *Perretta v. Prometheus Development Co.* Plaintiffs' bare allegation of privity in their complaint is insufficient to state a claim: whether parties are in "privity" is a legal conclusion, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir.2005), and "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation,' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[W]ithout some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.' " *Id.* at 1966 (alteration in original). The mere fact that the plaintiffs in both actions shared a common law firm, and that counsel, in settlement discussions, alluded to the potential effect of a judgment in one action as res judicata in the other action, are insufficient to meet the *Bell Atlantic* burden of showing coordination. While it may be "possible" that Everest used its common law firm with the plaintiffs in

*Perretta* to coordinate or control litigation, Plaintiffs have alleged no facts which would render the contention "plausible." Without privity between the parties to the litigation, the relitigation exception to the Anti–Injunction Act is inapplicable. *See Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana–Pacific Corp.*, 428 F.3d 831, 848–49 (9th Cir.2005). Because the Anti–Injunction Act bars the sole remedy Plaintiffs seek, they have therefore "fail[ed] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

Lastly, given that the parties to this action have already had extensive opportunity to conduct discovery in the state action, the district court did not abuse its discretion in denying additional discovery on the issue of privity.

AFFIRMED.