**In re the Matter of Bartholomew RUMAKER, Appellant.**

No. 80–1351
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 29, 1980.

Albert Armendariz, Jr., El Paso, Tex., for appellant.

James M. O'Leary, Odessa, Tex., for appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The United States District Court for the Western District of Texas found immigration and naturalization examiner Bartholomew Rumaker, in contempt of court for failure to appear at an immigration and naturalization proceeding in Midland, Texas. The Court levied a fine of $500 against the examiner for expenses incurred by the

Marshall's and Clerk's office. Because the characteristics of the penalty reveal the contempt as primarily criminal in nature, and because the lower Court failed to comply with mandatory statutory provisions applicable to criminal contempt we reverse.

### Where Is Bartholomew Rumaker?

After convening an immigration and naturalization proceeding on May 16, 1979, in the Federal District Court in Midland, Texas, the presiding judge discovered that the required immigration and naturalization examiner, appellant Rumaker, was not present in the courtroom. The Court issued a bench warrant for Rumaker's failure to appear, following the adjournment of the proceedings. Pursuant to this warrant, U.S. Marshalls arrested the examiner in Albuquerque, New Mexico where he had been assigned to appear at a previously scheduled hearing in the Federal District Court there. At an informal contempt hearing the following day in San Antonio, Rumaker explained that (i) inadequate staffing and (ii) a heavy workload resulted in his inadvertently failing to notify the Court of the conflicting appointment in Albuquerque, and to sign the required examination papers. The Court found examiner Rumaker guilty of contempt and assessed a penalty of $500 to reimburse the Marshall's office for traveling expenses to Albuquerque and the Clerk's office for preparation of the now useless naturalization documents.

### Which Contempt—Civil Or Criminal?

■ Because criminal and civil contempt are treated differently in significant respects, the threshold question before the Court is whether this contempt judgment is criminal or civil in nature? The Supreme Court has recognized that a Court's characterization of a proceeding is not necessarily conclusive, but only one factor to be considered in properly determining the nature of the contempt judgment. *Nye v. United States*, 313 U.S. 533, 61 S.Ct. 810, 85 L.Ed. 1172; *Southern Railway Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1968); *Cliett v. Hammonds*, 305 F.2d 565, 569 (5th Cir. 1962). In the present case the trial judge's single oral reference to the contempt hearing as a "civil proceeding" is not of itself, definitive. Rather, a correct determination on appeal of whether the contempt is civil or criminal turns on the nature and purpose of the imposed penalty. *Shillitani v. U. S.*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *see Stewart v. Dunn*, 363 F.2d 591, 600, n. 5 (5th Cir. 1966); *Cliett v. Hammonds*, 305 F.2d at 570. In distinguishing these types of contempt in light of the standard set forth in *Shillitani*, this Court has recognized that:

> Civil contempt is remedial; the penalty serves to enforce compliance with a Court order or to compensate an injured party. Criminal contempt is punitive; the penalty serves to vindicate the authority of the Court and does not terminate upon compliance with the Court order.

*In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978); *Accord, U. S. v. Rizzo*, 539 F.2d 458, 463 (5th Cir. 1976); *Lewis v. S. S. Baune*, 534 F.2d 1115, 1119 (5th Cir. 1976).

■ Accordingly, we consider the penalty in the present case to be primarily punitive and, therefore, criminal in nature. The unconditional feature of the $500 fine precluded any mitigation by compliance with a Court order. *See, e. g., Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965). Indeed, after the failure of the examiner to appear there was nothing he could do to purge the contempt. In addition, rather than basing the penalty on reimbursement to the injured parties of the action, the District Court assessed the penalty according to expenses incurred by the Marshall's and Clerk's office. From a reading of the entire record, the Court's actions and intentions were clearly punitive in nature and *not* remedial. Neither the arrest warrant issued by the Court nor the subsequent hearing furthered the completion of the naturalization ceremony rescheduled for June 12, 1979. Instead, the arrest warrant served "to vindicate the authority of the Court". Clearly, the entire tone of the record reflects a bruising of the Court's dignity and

defiance of its power.[1] Since, the present penalty was non-coercive, unconditional and non-compensatory to the real parties of interest, we find it predominantly criminal. Furthermore, when a contempt proceeding falls short of being wholly remedial, as in the present case, the criminal feature is dominant and requires this Court to review the lower Court's judgment in this light. *Union Tool Co. v. Wilson*, 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848 (1922); *In re Stewart*, 571 F.2d 958 (5th Cir. 1978).

### *Which Statutes?*

Having determined the nature of the penalty and standard of review, we turn to the applicable statutes and rules governing criminal contempt. Under 18 U.S.C.A. § 401 the Court is empowered to punish contempt of its authority in three situations.

### § 401. Power of court

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command. June 25, 1948, c. 645, 62 Stat. 701.

In the present case, the record reveals no misbehavior by the examiner in the presence of or near to the Court. Neither was Rumaker an officer of the Court within the meaning of the statute,[2] nor is there any evidence in the record that the Court had issued a writ, process or decree which Rumaker willfully defied. The arrest warrant charged Rumaker " . . . with contempt for failure to appear as scheduled on the official court docket . . .", however, the present record does not contain even a copy of the Court docket. In order to sustain a conviction for criminal contempt for violation of a Court's order the Court's order must be specific and the violator must be aware of such an order. *In re Weeks*, 570 F.2d 244 (5th Cir. 1978). Thus, this lack of evidence conclusively establishes that Rumaker's failure to appear at the ceremony does not fall within the purview of the statute.

Likewise, the judgment is equally invalid under F.R.Crim.P. 42(b) which specifically outlines the procedure governing a criminal contempt charge committed outside the presence of the Court.[3] The

---

1. The following record excerpts are indicative of the Court's attitude:

> THE COURT: We had no idea that the naturalization and immigration officer would not appear. In my almost ten years on the Federal bench, this is the first time I have ever seen this happen. And to be perfectly frank with you, I'm going to see what can be done to see that this does not happen again.
>
> So, I have issued a bench warrant for his arrest returnable to my Court in San Antonio in the morning at ten o'clock to show cause to me why he didn't appear for this proceeding today.
>
> . . . I am very disappointed in his failure to appear. I don't know what excuse he will have, but I'll assure you that he will be in my Court tomorrow morning at ten o'clock to answer to me and the Federal Court System as to why he was not here to present this group and to make the recommendations that the law requires him to make.

2. "We see no reason why the category of 'officers' subject to summary jurisdiction of a Court under § 401(2) should be expanded beyond the group of persons who serve as conventional court officers and are regularly treated as such in the laws." *Cammer v. U. S.*, 350 U.S. 399, 405, 100 L.Ed. 474 at 478, 76 S.Ct. 456 at 459 (1956).

3. **(b) Disposition Upon Notice and Hearing.** A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides.

Court's non-compliance with this rule, principally the "notice" requirement, is beyond contradiction. Although the original May 16 arrest warrant and subsequent May 17 show cause order are considered "notice" documents under the Rule, there is nothing in the record to indicate that either documents were served on Rumaker prior to the May 17 hearing. Significantly, neither of these documents designate the contempt as either criminal or civil. For notice of criminal contempt to be valid, it should indicate the criminal nature of the proceeding. *Gompers v. Bucks' Stove and Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797.

### What Determination By This Court?

Because the record contains no findings of fact or conclusions of law, it is impossible for this Court to ascertain the lower Court's reasoning for convicting appellant Rumaker of criminal contempt. Nevertheless, it is clear that the Court's actions failed adequately to sustain the contempt order. Accordingly, the order must be reversed and remanded with instructions to dismiss.

REVERSED and REMANDED.

He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.