**LAMAR FINANCIAL CORPORATION and the Federal Deposit Insurance Corporation as Manager of the FSLIC Resolution Fund, Statutory Successor to the Federal Savings and Loan Insurance Corporation, in its Corporate Capacity, Plaintiffs–Appellees,**

v.

**Stanley E. ADAMS and Christie Bell Adams, Defendants–Appellants.**

No. 90–8144
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1990.

Henry J. Novak, Jr., Austin, Tex., for defendants-appellants.

Steven K. DeWolf, Arter & Hadden, Dallas, Tex., for plaintiffs-appellees.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Christie Bell Adams appeals an order holding her in contempt of court under Rule 37(b)(2)(D) of the Federal Rules of Civil Procedure for failing to comply with an order of the district court directing the production of certain documents requested in the course of pretrial discovery. For the reasons assigned we affirm in part and vacate and remand in part.

### Background

This litigation began in early 1988 when Lamar Savings Association sued its former officers and directors for fraudulent and negligent acts alleged to have occurred during their watch. Christie Bell Adams is one of the defendants, having been a director of Lamar Savings and the wife of the primary defendant, Stanley E. Adams, Jr., the former chairman of the boards of both Lamar Savings and its holding company, Lamar Financial Corporation. Lamar Savings was subsequently declared insolvent and the Federal Savings and Loan Insurance Corporation (FSLIC) took over Lamar Savings' assets. Under the terms of the subsequently enacted Financial Institutions Reform, Recovery and Enforcement Act of 1989, the FSLIC was replaced by the

Federal Deposit Insurance Corporation (FDIC).

Appellant's contempt citation results from her failure to produce documents during pretrial discovery. Appellant and her husband declined to produce documents requested by the FSLIC. The FSLIC moved to compel and the Adamses countered with a plea against self-incrimination. Thereafter the successor FDIC filed a broader request for production and, when the request was declined, moved to compel production.

In January 1990 the district court appointed a special master to preside over pretrial discovery. The special master granted the motion to compel and the district court affirmed the order. On February 22, 1990 the Adamses filed a formal response to the order compelling production, informing the court that they refused to produce the subject documents.

Acting *sua sponte*, on February 28, 1990 the district court ordered the Adamses to appear before it on March 6, 1990 and to show cause why they should not be held in contempt for their failure to comply with the order compelling production. The court found Stanley E. Adams in contempt and ordered him incarcerated, commencing March 14, 1990, until he purged himself of contempt. The court also found appellant in contempt, fining her the sum of $500 per day, commencing February 22, 1990 and continuing until she purged herself of contempt by complying with the production order.

On March 14, 1990 the Adamses produced the documents, mooting the provision for the incarceration of Stanley Adams. The court then ordered Christie Bell Adams to pay the sum of $10,500 into the registry of the court. The total was calculated on the basis of $500 per day from February 22, 1990, the date the Adamses formally rejected the order of production, until March 14, 1990, the day they honored the order. Appellant paid that sum into the registry of the court and appealed.

*Analysis*

The FDIC questions the court's jurisdiction to hear this appeal at this time. Ordinarily civil contempt orders are not viewed as final, appealable orders under 28 U.S.C. § 1291. *Drummond Co. v. Dist. 20, United Mine Workers*, 598 F.2d 381 (5th Cir. 1979). Criminal contempt orders, on the other hand, are final and immediately appealable. *Petroleos Mexicanos v. Crawford Enter.*, 826 F.2d 392 (5th Cir.1987). Accordingly, our jurisdiction depends upon whether the instant contempt order is deemed civil or criminal.

 A contempt order or judgment is characterized as either civil or criminal depending upon its primary purpose. *Petroleos Mexicanos v. Crawford Enter.*, 826 F.2d at 399; *Port v. Heard*, 764 F.2d 423 (5th Cir.1985); *In re Dinnan*, 625 F.2d 1146 (5th Cir.1980); *Smith v. Sullivan*, 611 F.2d 1050 (5th Cir.1980). If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. *Port v. Heard*, 764 F.2d at 426; *In re Dinnan*, 625 F.2d at 1149; *United States v. Rizzo*, 539 F.2d 458 (5th Cir.1976). If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil. *Port v. Heard*, 764 F.2d at 426; *In re Dinnan*, 625 F.2d at 1149. A key determinant in this inquiry is whether the penalty imposed is absolute or conditional on the contemnor's conduct. *In re Rumaker*, 646 F.2d 870 (5th Cir.1980); *In re Dinnan*, 625 F.2d at 1149; *In re Stewart*, 571 F.2d 958 (5th Cir.1978).

 The contempt order at bar served both a coercive and punitive purpose. The portion of the daily sanction imposed from February 22 to the March 6 hearing had a purely punitive purpose because it was not conditioned upon the future conduct of the Adamses. Conversely, the portion of the daily sanction from the March 6 hearing until March 14, the day the Adamses purged themselves of contempt, had a coercive purpose because it was exclusively conditioned on their future conduct.

When a contempt order contains both a punitive and a coercive dimension, or purposes of appellate review it will be characterized as a criminal contempt order. *Port v. Heard,* 764 F.2d at 426; *In re Rumaker,* 646 F.2d at 872; *Smith v. Sullivan,* 611 F.2d at 1053; *In re Stewart,* 571 F.2d at 964 n. 4. As a criminal contempt order, therefore, the subject order is a final decree under 28 U.S.C. § 1291 and we have the requisite appellate jurisdiction.

■ Appellant maintains that it was error for the court to order a criminal contempt sanction without honoring the procedural safeguards applicable to criminal contempt. While it is clear that a district court has the power to issue a criminal contempt sanction for the refusal to comply with a court order,[1] procedures are mandated which protect the contemnor's constitutional rights. *United States v. Rizzo,* 539 F.2d at 463. One such provision is that the contemnor must be given notice that the proceedings are of a criminal nature. Fed. R.Crim.P. 42(b);[2] *United States v. Rizzo,* 539 F.2d at 463–64. Typically this notice must be explicit. *F.T.C. v. Gladstone,* 450 F.2d 913 (5th Cir.1971). The Adamses were not given specific notice that the proceeding was a criminal proceeding. The punitive sanction, accordingly, was inappropriate. We must therefore vacate that portion of the sanction attributable to the period from February 22 to the March 6 hearing. On remand the district court may proceed as it deems appropriate, consistent herewith, as respects a sanction for that period of noncompliance.

■ With respect to the sanction imposed for the period March 6 to March 14, 1990, appellant challenges the per diem amount. Our standard for review of Rule 37(b) sanctions is the abuse-of-discretion yardstick. *Bonaventure v. Butler,* 593 F.2d 625 (5th Cir.1979). In *United States v. United Mine Workers,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), the Supreme Court detailed the factors to be considered in the imposition of a civil contempt sanction: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order. The record must reflect that these factors were considered. *In re Chase & Sanborn Corp.,* 872 F.2d 397 (11th Cir.1989); *General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376 (9th Cir.1986). The record of the March 6 show-cause proceeding clearly reflects the awareness of the district court of the *United ed Mine Workers* factors as they pertain to the instant case. There is no indication that the district court overlooked or ignored them. We find no abuse of discretion in the assessment of a $500 per day sanction on appellant.

AFFIRMED in part; VACATED and REMANDED in part.

■

1. "A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401.

2. "A criminal contempt ... shall be prosecuted on notice. The notice shall state ... the essential facts constituting the criminal contempt charged and describe it as such." Fed.R.Crim.P. 42(b).